UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARTHA D.,

    Plaintiff,

v.

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1]

    Defendant.

No. 1:18-CV-03175-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 10 & 12. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Social Security Disability Insurance under Title II of the Social

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Security Act, 42 U.S.C. §§ 401-434. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter back to the Commissioner for additional proceedings.

### I. Jurisdiction

Plaintiff filed her application for Social Security Disability Insurance on October 2, 2014. AR 66. She alleged a disability onset date of September 16, 2014. AR 196. Plaintiff's application was initially denied on December 10, 2014, AR 93-95. Plaintiff' request for reconsideration was denied in an undated letter stating "[r]ecords also show you had surgery done on 09/2014 and you are not able to perform work activities. However, 12 months after surgery you should be capable of your past work as a housekeeper. Therefore, a period of disability cannot be established," AR 97-98.

Administrative Law Judge ("ALJ") Virginia M. Robinson held a hearing on February 8, 2017 and heard testimony from Plaintiff and vocational expert Kimberly Mullinax. AR 39-65. On October 4, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 21-27. The Appeals Council denied Plaintiff's request for review on July 26, 2018. AR 1-5. Plaintiff sought judicial review by this Court on September 11, 2018. ECF Nos. 1, 3. Accordingly,

Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in her previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104,

1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 56 years old at the alleged date of onset. AR 196. At application, the alleged condition limiting her ability to work was low back surgery (discs). AR 224. The highest grade Plaintiff completed was the fourth. AR 225. Plaintiff identified her past work as in childcare, housekeeping, and farm labor. AR 225. At application, Plaintiff stated that she had stopped working on September 16, 2014 due to her conditions. AR 224. At the hearing, Plaintiff testified that she had returned to work and was performing housekeeping at a hotel. AR 44. She stated she was presently working one day a week for five hours a day, AR 50, but from May till August she would work three to four days a week, AR 51.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

# V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the alleged date of onset, September 16, 2014, through the date of the decision, October 4, 2017. AR 21-27.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of onset, September 16, 2014. AR 23 (citing 20 C.F.R. § 404.1571 *et seq.*).

**At step two**, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease; osteoarthritis and allied disorders (citing 20 C.F.R. § 404.1520(c)). AR 23.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 62 (citing 20 C.F.R. § 404.1520(d)). AR 24.

**At step four**, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with the following limitations:

> This individual can lift and carry up to 20 lbs. occasionally and up to 10 lbs. frequently, can stand or walk for approximately 6 hours in an 8-hour workday, and can sit for approximately 6 hours in an 8-hour workday with normal breaks. She can frequently climb ramps or stairs, occasionally climb ladders ropes or scaffolds, and frequently balance, stoop, kneel, crouch, and crawl. She should avoid moderate exposure to excessive vibration and workplace hazards such as working with dangerous machinery and working at unprotected heights.

AR 24. The ALJ found Plaintiff had past relevant work as a housekeeping cleaner and that she was able to perform this past relevant work. AR 27.

## VI. Issues for Review

Plaintiff argues that the ALJ's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues that the ALJ erred by: (1) failing to assign weight to statements from Plaintiff's treating providers, Kristin Bond, M.D. and Alan Greenwald, M.D.; (2) failing to find Plaintiff disabled in accord with the opinion of Howard Platter, M.D.; (3) failing to properly consider Plaintiff's symptom statements; (4) failing to make a proper RFC determination resulting in an erroneous step four determination; and (5) failing to apply the Grid Rules.

## VII. Discussion

### A. Statements from Kristin Bond, M.D. and Alan Greenwald, M.D.

Plaintiff argues that the ALJ was required to assign weight to statements made by Dr. Bond and Dr. Greenwald. ECF No. 10 at 7-10.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7**

Cir. 1996) (as amended). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Id*. Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

Dr. Bond and Dr. Greenwald did not complete any RFC forms or evaluations from the State of Washington's Department of Labor and Industries or Department of Social and Health Services. But, they did record observations and make statements regarding Plaintiff throughout the course of treatment. Plaintiff specifically points to Dr. Bond's observations that Plaintiff had difficulty climbing onto the exam table due to her knees and pain when going up and down stairs, carrying loads, and bending over and Dr. Greenwald's finding that Plaintiff had traumatic arthritis of the knee with lateral joint space narrowing and that she had decreased mobility, difficulty initiating sleep, joint instability, limping, nocturnal awakening, swelling, and redness. ECF Nos. 10 at 8-9, 13 at 2. In doing so, Plaintiff fails to cite to any evidence in the record in support of her assertions. *Id*. (Plaintiff does cite to AR 655, but this is actually a physical therapy note, and not a treatment note from Dr. Greenwald). A review of the record shows that Dr. Bond did state that Plaintiff had difficulty climbing onto the exam table on July 29, 2015. AR 553. Dr. Bond's statements regarding pain with stairs, carrying, and bending

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8**

are reproductions of Plaintiff's statements to Dr. Bond. AR 556. Likewise, Dr. Greenwald's statements regarding Plaintiff's decreased mobility, difficulty initiating sleep, joint instability, limping, nocturnal awakening, swelling, and redness are reproductions of Plaintiff's subjective reports to the provider. AR 628. Dr. Greenwald's statements regarding the traumatic arthritis of the knee are pulled from x-rays and do not demonstrate a functional opinion. AR 358-59, 629.

The ALJ does not address any of the statements made by Dr. Bond or Dr. Greenwald in her decision. AR 21-27. Defendant argues that the ALJ was not required to provide reasons for rejecting statements made by Dr. Bond and Dr. Greenwald because these statements do not qualify as medical opinions. ECF No. 12 at 5. Medical opinions are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Here, the observations and statements by Dr. Bond and Dr. Greenwald to not rise to the level of medical opinions. Therefore, the ALJ did not error by failing to weigh them in her decision.

**B. Opinion of Howard Platter, M.D.**

Plaintiff argues that she should be found disabled for a closed period of one year from the date of her surgery based on the opinion of the non-examining

medical consultant, Howard Platter, M.D. ECF No. 10 at 10.

In making the reconsideration determination, the Disability Determination Services relied upon the opinion of a non-examining medical consultant, Dr. Platter, dated March 19, 2015. AR 84-92. In the Disability Determination Explanation (DDE) Dr. Platter set forth a light RFC and stated that the RFC was valid for "12 Months After Onset: 09/15/2015." AR 89-90. He then stated that Plaintiff "had back surgery on 9/17/14 and was not capable of work activities. However, 12mons [*sic*.] after surgery [claimant] is capable of [light] RFC." AR 90. Dr. Platter than signed and dated the document March 19, 2015. *Id*. On the next page of the DDE, there is an "Assessment of Vocational Factors," which concludes that Plaintiff could perform her past relevant work as a cleaner, housekeeping. AR 91. The "Determination" section of the DDE that states Plaintiff is "Not Disabled." AR 92. This is followed by a "Signatures" section which contains the signature of Dr. Platter, dated March 19, 2015 and the signature of Disability Examiner Ann Coe dated May 5, 2015. AR 92.

The ALJ gave Dr. Platter's opinion significant weight. AR 26. In doing so, she concluded that the "Assessment of Vocational Factors" section, which stated Plaintiff could return to her past work, was also completed by Dr. Platter. *Id*.

Here, the ALJ made two errors. First, she failed to recognize that Dr. Platter opined that Plaintiff was unable to perform work activities from September of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 10

2014 through September of 2015. This is at least 12 months, and under the Social Security Administration's definition of disability, this opinion would equate to a closed period of disability if given controlling weight. 42 U.S.C. § 423(d)(1)(A) (The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months"). This was even acknowledged in the letter denying Plaintiff's Request for Reconsideration. AR 97-98 ("Records also show you had surgery done on 09/2014 and you are not able to perform work activities. However, 12 months after surgery you should be capable of your past work as a housekeeper. Therefore, a period of disability cannot be established").

Second, the ALJ concluded the "Assessment of Vocational Factors" section was part of Dr. Platter's medical opinion. The Program Operations Manual System (POMS), which is an internal procedure manual used by employees in evaluating claims, provides some insight into how forms, such as the DDE, are completed.[2]

---

[2]The POMS is a policy manual and, therefore, does not have the force and effect of law. It is, nevertheless, persuasive. *See Lockwood v. Comm'r Soc. Sec.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 11

The policy manual sets forth the role of the Medical Consultant, in this case Dr. Platter, and the role of the Disability Examiner, in this case Ann Coe. *See* POMS DI 24501.001. The Disability Examiner is tasked with developing the case, preparing the case for the Medical Consultant**,** evaluating the vocational aspects of the case, and preparing the determination. POMS DI 24501.001(B)(1). In comparison, the Medical Consultant is tasked with evaluating the sufficiency of the evidence and need for further testing, acting as a liaison between the Disability Determination Services and the medical community, determining severity, determining whether the claimants meets or equals a listing, and assessing the RFC and other specific medical issues. POMS DI 24501.001(B)(3). Furthermore, the policy manual states that the Medical Consultant signs assessments and determinations, and "takes responsibility for the medical portion of the determination." POMS DI 24501.001(B)(4). Therefore, it was error for the ALJ to assume that Dr. Platter's medical opinion included the "Assessment of Vocational Factors" portion of the DDE. Therefore, the case is remanded for the Commissioner to properly address Dr. Platter's opinion.

///

---

*Admin.*, 161 F.3d 1068, 1073 (9th Cir. 2010); *Evelyn v. Schweiker,* 685 F.2d 351, 352 n. 5 (9th Cir. 1982).

## C. Plaintiff's Symptom Statements

Plaintiff challenges the ALJ's treatment of her symptom statements. ECF No. 10 at 10-13.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id*. Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record "for the reasons explained in this decision." AR 25. The ALJ then addressed the medical opinions, the medical evidence showing improvement

following surgery, her return to work part-time, and her reported activities. AR 25-26. However, the ALJ failed to address how Plaintiff's part-time work and reported activities undermined her symptom statements. Instead, the ALJ stated that "[h]er current work activity indicate[s] that she is capable of work consistent with her RFC," AR 25, and [t]he claimant's self-reported activities reflect that despite some functional limitations, she retains some capacity for work as consistent with the RFC," AR 26.

Defendant argues that the ALJ provided four clear and convincing reasons for rejecting Plaintiff's symptom statements: (1) Plaintiff's statements were inconsistent with the medical opinion evidence; (2) Plaintiff's statements were inconsistent with her improvement following surgery; (3) Plaintiff's statements were inconsistent with her part-time work; and (4) Plaintiff's statements were inconsistent with her reported activities. ECF No. 12 at 8-10. While there is some argument that the Court could infer these four reasons from the ALJ's decision, without a specific statement as to how these reasons undermined Plaintiff's symptom statements, they fall short of the required specific, clear and convincing standard. The Ninth Circuit has held that "[t]his is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) *citing Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (internal citations omitted).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 14

The only reason the ALJ clearly identified in her decision was that "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence." AR 25. This alone is not sufficient to uphold the ALJ's determination rejecting Plaintiff's symptom statements. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot serve as the sole reason for rejecting a claimant's symptom statements). Therefore, Plaintiff's symptom statements will be readdressed on remand.

**D. Step Four**

Plaintiff argues that as a result of the ALJ's erroneous treatment of the medical opinions and her symptom statements, the ALJ formed an incomplete RFC determination leading to an erroneous step four determination. ECF No. 10 at 13-14.

While Plaintiff identifies this as a step five error and assigns the burden of proof to the Commissioner, ECF No. 10 at 13, a claimant's ability to perform past relevant work is an issue determined at step four of the sequential evaluation process, 20 C.F.R. § 404.1520(a)(4)(iv), and the burden of proof remains with the claimant, *Tackett*, 180 F.3d at 1098-99 (in steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits).

The step four determination is premised on the RFC determination. 20 C.F.R. § 404.1520(f). Since this case is remanded for the ALJ to further address the medical opinions and Plaintiff' symptom statements, a new RFC determination is required. Therefore, a new step four determination is also required.

**E. Grid Rules**

Plaintiff argues that the ALJ erred by failing to apply Grid Rules 202.04 or 201.04. ECF No. 10 at 15-17.

The Grid Rules are an administrative tool on which the Commissioner must rely upon at step five when considering claimants with substantially equivalent levels of impairment. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The Grids reflect the claimant's maximum sustained exertional work capacity. See S.S.R. 83-10 ("exertional capabilities" are used "to identify maximum sustained work capability").

Here, Plaintiff's argument hinges on her RFC determination being light work, sedentary work, or less. ECF No. 10 at 15-17. Because the case is being remanded to further address the medical opinions and her symptom statements, the ALJ will also address step five using the Grid Rule that accurately reflects Plaintiff's RFC at the alleged onset date and forward.

## VIII. REMEDY

Plaintiff asks the Court to apply the credit-as-true rule and remand this case

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 16

for an immediate award of benefits. ECF No. 10 at 17.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire alleged period of disability if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly consider the medical opinions in the record, including Dr. Platter's opinion that Plaintiff was precluded from work activity for twelve months following her

surgery, to properly consider Plaintiff's symptom statements, to make a new RFC, and to make a new determination at steps four and five. Additionally, the ALJ will supplement the record with any outstanding evidence and call a medical expert and a vocational expert to testify at a remand hearing.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED, in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

4. Judgment shall be entered in favor of **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 23rd day of December, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 18